**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| IMPLICIT, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §  CIVIL ACTION NO. 6:16-cv-00080 |
| | § |
| TREND MICRO, INC., | § |
| | § |
| *Defendant*. | §  JURY TRIAL DEMANDED |
| | § |

## ORIGINAL COMPLAINT

Plaintiff Implicit, LLC ("Plaintiff" or "Implicit"), by and through its attorneys, for its Original Complaint against Trend Micro, Inc. ("Defendant" or "Trend Micro"), and demanding trial by jury, hereby alleges as follows:

### I.  NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Implicit's United States patents, as described herein.

### II.  PARTIES

2. Plaintiff Implicit is a limited liability corporation organized and existing under the laws of the Washington.

3. On information and belief, Defendant Trend Micro, Inc. is a corporation organized under the laws of California, having a principal place of business at 225 E. John Carpenter Freeway, Suite 1500, Irving, Texas 75062.  Trend Micro's registered agent for service

of process in Texas is Ruth Ann Roman, 225 E. John Carpenter Freeway, Suite 1500, Irving, Texas 75062.

### III.   JURISDICTION AND VENUE

4. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

5. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

7. On information and belief, Defendant Trend Micro is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

### IV.   FACTUAL ALLEGATIONS

8. Implicit Networks, Inc. ("Implicit Networks") provides software platforms and products that enable OEMs and ISVs to build applications for networks. Its products include Strings OS, which enables OEMs and ISVs to build, deploy, and manage applications in the network and on the devices that access the network; and RADkit, a toolkit designed specifically to build applications for network infrastructure and for devices that access the network. The company was founded in 1996 and is based in Bellevue, Washington.

9. U.S. Patent No. 8,694,683 (the "'683 patent"), entitled "Method and System for Data Demultiplexing," issued on April 8, 2014. A true and correct copy of the '683 patent is provided as **Exhibit 1** hereto.

10. U.S. Patent No. 9,270,790 (the "'790 patent"), entitled "Method and System for Data Demultiplexing," issued on February 23, 2016. A true and correct copy of the '790 patent is provided as **Exhibit 2** hereto.

11. Together, the foregoing patents are referred to herein as the "Patents-in-Suit." Implicit is the current assignee of the Patents-in-Suit, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

12. Defendant Trend Micro provides software and services directed to analysis and detection of packet content including attacks arising in a data network environment. For example, Trend Micro makes, uses, sells and deploys Deep Security, which performs deep packet inspection of traffic in a data network.

13. Deep Packet Inspection technology as implemented by Trend Micro enables the Deep Security to analyze and respond to the contents of packets at multiple communication protocol layers.

14. On information of belief, Defendant Trend Micro also implements contractual protections in the form of license agreements with its customers to preclude the unauthorized reproduction, distribution and modification of its software. Moreover, on information and belief, Defendant Trend Micro implements technical precautions to attempt to thwart customers who would circumvent the intended operation of Trend Micro's products.

-3-

## V. COUNT ONE

### INFRINGEMENT OF U.S. PATENT NO. 8,694,683

15. Implicit incorporates by reference its allegations in Paragraphs 1-14 as if fully restated in this paragraph.

16. Implicit is the assignee and owner of all right, title and interest to the '683 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

17. On information and belief, Defendant Trend Micro, without authorization or license from Implicit, has been and is presently directly infringing the '683 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '683 Patent. Defendant Trend Micro is thus liable for direct infringement of the '683 Patent pursuant to 35 U.S.C. § 271(a).

18. On information and belief, at least since the filing of this Complaint, Defendant Trend Micro, without authorization or license from Implicit, has been and is presently indirectly infringing the '683 Patent, including actively inducing infringement of the '683 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Trend Micro knows or should know infringe one or more claims of the '683 Patent. Trend Micro instructs its customers to make and use the patented inventions of the '683 patent by operating Trend Micro's products in accordance with Trend Micro's specifications. Trend Micro specifically intends its customers to infringe by using the deep packet inspection technology of the Deep Security in accordance with those instructions and specifications in an infringing manner.

19. Trend Micro is accused of infringing the '683 Patent by satisfying every element and limitation of at least one or more of claims 1, 24 and claims dependent therefrom.

20. As a result of Trend Micro's infringement of the '683 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VI. COUNT TWO

### INFRINGEMENT OF U.S. PATENT NO. 9,270,790

21. Implicit incorporates by reference its allegations in Paragraphs 1-20 as if fully restated in this paragraph.

22. Implicit is the assignee and owner of all right, title and interest to the '790 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

23. On information and belief, Defendant Trend Micro, without authorization or license from Implicit, has been and is presently directly infringing the '790 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '790 Patent. Defendant Trend Micro is thus liable for direct infringement of the '790 Patent pursuant to 35 U.S.C. § 271(a).

24. On information and belief, at least since the filing of this Complaint, Defendant Trend Micro, without authorization or license from Implicit, has been and is presently indirectly infringing the '790 Patent, including actively inducing infringement of the '790 Patent under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Trend Micro knows or should know infringe one or more claims of the '790 Patent. Trend Micro

instructs its customers to make and use the patented inventions of the '790 patent by operating Trend Micro's products in accordance with Trend Micro's specifications. Trend Micro specifically intends its customers to infringe by using the deep packet inspection technology of Deep Security in accordance with those instructions and specifications in an infringing manner.

25. Trend Micro is accused of infringing the '790 Patent by satisfying every element and limitation of at least one or more of claim 1 and claims dependent therefrom.

26. As a result of Trend Micro's infringement of the '790 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VII.  JURY DEMAND

27. Plaintiff Implicit demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Implicit prays for judgment and seeks relief against Defendant as follows:

A. That the Court determine that one or more claims of the Patents-in-Suit is infringed by Defendant Trend Micro, either literally or under the doctrine of equivalents;

B. That the Court award damages adequate to compensate Implicit for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C. That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283; and

D. That the Court award such other relief to Implicit as the Court deems just and proper.

DATED: February 23, 2016                    Respectfully submitted,

*/s/   Andrew G. DiNovo*_____
Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com

**DINOVO PRICE ELLWANGER & HARDY LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

*Counsel for Plaintiff Implicit, LLC*