IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IMPLICIT, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:16-cv-00080-JRG |
| v. | § | **(LEAD CASE)** |
| | § | |
| TREND MICRO, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## [PROPOSED] AMENDED PRETRIAL ORDER

Pursuant to the Court's Amended Docket Control Order [D.I. 181], Local Rule CV-16, FRCP 16, and the parties' discussion with the Court and the Court's Orders given at the Pretrial Conference held in this matter on September 12, 2017, in Marshall, Texas, Plaintiff Implicit, LLC ("Implicit") and Defendant Trend Micro, Inc. ("Trend Micro") jointly submit the following Amended Pretrial Order.

### I.    Counsel for the Parties

Attorneys for Plaintiff Implicit, LLC

William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

**Of Counsel**

Benjamin L. Singer, *pro hac vice*
California State Bar No: 264295
James Hopenfeld, *pro hac vice*
California State Bar No: 190268
Adam S. Cashman, *pro hac vice*
California State Bar No: 255063

Attorneys for Defendant Trend Micro, Inc.

Melissa R. Smith
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

**Of Counsel**

Michael E. Zeliger, *pro hac vice*
California Bar No. 271118
michael.zeliger@klgates.com
Audrey H. Lo, *pro hac vice*
California Bar No. 253738
audrey.lo@klgates.com

Evan N. Budaj
California State Bar No: 271213
Walter C. Pfeffer, *pro hac vice*
California State Bar No: 289421
**SINGER / BEA LLP**
601 Montgomery Street, Suite 1950
San Francisco, CA 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080
bsinger@singerbea.com
ebudaj@singerbea.com
jhopenfeld@singerbea.com
acashman@singerbea.com
wpfeffer@singerbea.com

Ranjini Acharya, *pro hac vice*
California Bar No. 290877
ranjini.acharya@klgates.com
**K&L GATES LLP**
630 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 798-6700
Facsimile: (650) 798-6701


Benjamin E. Weed, *pro hac vice*
Illinois Bar No. 6294052
benjamin.weed@klgates.com
Gina A. Jenero, *pro hac vice*
Illinois Bar No. 6320852
gina.jenero@klgates.com
**K&L GATES LLP**
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

## II.     Statement of Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a) because this action arises under the patent laws of the United States, including 35

U.S.C. § 1 *et seq.*  Personal jurisdiction, subject matter jurisdiction, and venue are not disputed in

this case.

## III.     Nature of Action

This is a patent infringement lawsuit brought by Implicit against Trend Micro.  Implicit

alleges that Trend Micro directly infringes U.S. Patent Nos. 8,694,683 (the "'683 patent") and

9,270,790 (the "'790 patent" and, along with the '683 patent, the "patents-in-suit") by, for

example, providing Deep Discovery and Deep Security (the "Accused Products").  Implicit seeks

monetary damages sufficient to compensate for any alleged infringement in the form of a

reasonable royalty.  Implicit also seeks permanent injunctive relief against future acts of infringement by Trend Micro.  Implicit also seeks prejudgment and post-judgment interest.

Trend Micro denies it infringes the patents-in-suit and alleges that the patents-in-suit are invalid by obviousness and/or improper inventorship.

## IV.   Contentions of Parties

### A.  Implicit's Statement of Its Contentions

By providing these Contentions, Implicit does not concede that all of these issues are appropriate for trial.  In addition, Implicit does not waive any of its motions *in limine*.

1.      Implicit contends that Trend Micro directly, and indirectly by way of inducement, infringes claims 1, 8, 9, and 24 of the '683 patent (the "asserted claims of the '683 patent") and claims 8–10 of the '790 patent (the "asserted claims of the '790 patent" and, along with the asserted claims of the '683 patent, the "asserted claims") by providing the Accused Products.

2.      Implicit contends that the inventions of the patents-in-suit were conceived at least as early as July 21, 1997, and that diligence was used from that point forward to reduce the invention to practice by at least September 29, 1998.  On this basis, Implicit contends that the patents-in-suit are entitled to a priority date of at least as early as July 21, 1997.

3.      Implicit contends that it has been damaged by Trend Micro's conduct and seeks pre-verdict, post-verdict, and post-judgment damages, and an accounting, if necessary, in an amount adequate to compensate for Trend Micro's infringement, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest.  Implicit contends that its monetary damages are no less than $8,928,911, together with prejudgment and post-judgment interest.

3

4.     Implicit contends that it is entitled to a permanent injunction against Trend Micro. In the alternative, Implicit contends that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement, including during any stay of an injunction pending appeal.

5.     Implicit denies Trend Micro's defenses and contends that those defenses are without merit and/or subject to waiver or estoppel, and that Trend Micro has failed to state facts and/or a legal basis sufficient to permit recovery of attorneys' fees and/or expenses for defending this suit.

6.     Implicit contends that the only invalidity defenses that may potentially be raised in this case are (1) obviousness as set forth in Trend Micro's invalidity contentions and expert reports, *i.e.*, (a) obviousness by the Moberg reference and (b) obviousness by the combination of Decasper references 1–6; and (2) improper inventorship.  No other invalidity defense has been asserted and properly preserved by Trend Micro, and Trend Micro should not be permitted to try any such theory to the jury.  Furthermore, Implicit contends that the Moberg reference and/or the Decasper 1–6 combination are not prior art because the inventions of the patents-in-suit are entitled to an earlier invention date than the date of those references.

7.     Implicit contends that Trend Micro has not properly preserved any marking defense under 35 U.S.C. § 287, and has waived any such defense, by *inter alia* failing to identify any facts in support of its Fourth Affirmative Defense in response to Implicit's Interrogatory No. 12 regarding the same.  Moreover, Implicit notes that while "the Federal Circuit has yet to resolve competing views as to which party bears the burden of establishing that there was a product that practiced the patent . . . [a] majority of district courts, including courts in this district, have found that defendant bears the threshold burden of showing that an unmarked

patented product exists." *Realtime Data, LLC v. Actian Corp.*, 2017 U.S. Dist. LEXIS 114454

(E.D. Tex. 2017) (citing cases) (internal quotation marks, citations, and alterations omitted).

Because Trend Micro has waived the ability to show any such facts, it cannot succeed on its

Fourth Affirmative Defense of marking.

### B.  Trend Micro's Statement of Its Contentions

1.      By providing these Contentions, Trend Micro does not concede that all of these

issues are appropriate for trial.  In addition, Trend Micro does not waive any of its motions *in

limine*.

2.      Trend Micro contends that it has not directly infringed  or induced the

infringement of the patents-in-suit.

3.      Trend Micro contends that the patents-in-suit are not entitled to a priority date

earlier than December 29, 1999.

4.      Trend Micro contends that the asserted claims of the '683 patent and the asserted

claims of the '790 patent are invalid.

5.      Trend Micro contends that Implicit has failed to meet its burden to show that it

has marked its products, provided notice, or otherwise met the requirements of 35 U.S.C. § 287.

6.      Trend Micro denies that Implicit is entitled to relief whatsoever.

7.      To the extent that Trend Micro is found liable for infringing any valid claim of the

patents-in-suit, Trend Micro contends that Implicit is entitled only to a one-time, lump sum

reasonable royalty of no more than $650,000 for a U.S. only, non-exclusive license for the life of

the patents-in-suit.

### V.      Stipulations and Uncontested Facts

The parties agree to the following uncontested facts and stipulations.

A.      **The Parties' Statement of Uncontested Facts**

1.      The Court has personal jurisdiction over the parties, has subject matter jurisdiction over this action, and venue is proper in this Court.

2.      Implicit has standing to bring this suit.

3.      Implicit owns the '683 patent.

4.      Implicit owns the '790 patent.

5.      Implicit filed its original Complaint (D.I. 1) on February 23, 2016.

6.      Implicit filed its Amended Complaint (D.I. 31) on June 17, 2016.

7.      The '683 patent, which is entitled "Method and System for Data Demultiplexing," issued on April 8, 2014 from a patent application filed on June 6, 2013.

8.      The '790 patent, which is entitled "Method and System for Data Demultiplexing," issued on February 23, 2016 from a patent application filed on March 31, 2014.

9.      The patents-in-suit relate back to U.S. Patent No. 6,629,163, issued from an application filed December 29, 1999, and thus are entitled to a priority date no later than December 29, 1999.

10.     The royalty base in this case is $32,862,232 for Deep Security and $15,268,469 for Deep Discovery.

B.  **The Parties' Statement Regarding Stipulations**

The following statements are not exclusive of stipulations or agreements the parties have made during this litigation.

**Exhibits and Demonstratives**

1.      The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists. The parties agree that exhibits to be used or offered into

6

evidence solely for impeachment need not be included on the lists of trial exhibits. Except for such documents used solely for impeachment, a party may not offer substantive documentary evidence not appearing on its exhibit list or the exhibit list of the other party, unless the Court determines that the interest of justice so warrants.

2.      Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party. If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it is being offered.

3.      The parties will exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives they plan to use at trial for use during direct examination—but not for cross-examination—by 6:00 p.m. the night before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 6:00 p.m. on the previous Tuesday. The parties shall exchange objections to these demonstratives by 8:00 p.m. on the day the exhibits are received. Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

4.      Legible photocopies of United States patent applications, patents, and file histories, including the asserted patents and their file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies. The dates of filing and issuance and the identity of the inventors of record shall be deemed to be shown on the face of the patent. For clarity, this does not prevent any party from electing to use the original version of any a document.

5.      Any document bearing a party's production number and produced from the party's files that on its face appears to have been generated by that party (including documents generated by the parties' employees during the course of their employment) shall be deemed to be prima facie authentic.

6.      A legible copy of an exhibit may be offered in evidence in lieu of the original subject to all foundational requirements and other objections that might be made to the admissibility of the original. For exhibits that are spreadsheets or slide presentations, the parties may use electronic versions of such exhibits in their native format.

7.      The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. The parties further agree that, unless otherwise ordered by the Court, demonstrative exhibits will not be admitted as evidence and will not be made available to the jury during deliberations.

8.      For closing arguments, the parties agree that a party need not provide advance notice regarding its intent to use demonstratives previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits.

9.      The parties agree that the party seeking to use a demonstrative exhibit shall provide to the other side a color (if the original exhibit is in color) representation of the demonstrative in PDF, PowerPoint, or some other commonly viewable format. For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format.

10.     The parties will make available for inspection all non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art or

physical products, they plan to use at trial for use during direct examination—but not for cross examination—by 6:00 p.m. two nights before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 6:00 pm on the previous Monday.  The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 6:00 pm the night before their intended use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

11.     The parties will exchange lists of exhibits they intend to use during direct examination by 7:00 p.m. the night before their intended use.

12.     The parties will identify deposition designations by 6:00 p.m. two (2) days before their intended use. Counter-designations will be due by 1:00 p.m. the afternoon before their intended use. By 8:00 p.m. on the evening before any such deposition designations and counter-designations are used, the party offering that testimony will provide a copy of the video for said designations to the opposing party for review.

13.     The parties agree to continue to meet and confer to resolve their objections to the other party's deposition designations and exhibits. The parties agree to endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

14.     The parties will identify witnesses to be called live and by deposition, in the order of call, at 10:00 a.m., 48 hours in advance of the day of trial during which the witnesses will testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 10:00a.m. on the previous Monday.

**Trial Witnesses and Deposition Designations**

9

15.     Unless used for impeachment, all designated deposition testimony shall be played by video unless both parties reach an agreement to read the deposition testimony live or the Court orders otherwise. The parties' designations and counter-designations shall be played together.

16.     Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designated and counter-designated testimony read or played.

17.     Prior to the introduction of deposition designations or counter-designations, counsel for the introducing party may provide a short introduction to the jury about the identity of the witness and subject matter of deposition testimony, which introduction the parties agree is not evidence and the time for which will be charged against that party.

18.     All irrelevant and redundant colloquy between counsel and objections will be eliminated when the deposition testimony is presented at trial.

19.     For each deposition, the specific portions of the deposition designated or counterdesignated by either party shall be read or played together in the same order as the real time deposition testimony with all objections and colloquy removed.

20.     Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purpose of impeachment, if otherwise competent for that purpose. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or read the deposition testimony live unless the Court orders otherwise.

21.     To the extent certain designated deposition testimony is admissible, a party's decision not to introduce some or all of the deposition testimony of a witness designated by that party herein shall not be commented upon by the other party at trial.

22.     If a party withdraws testimony previously designated, the other party has the right to designate the withdrawn testimony subject to the initially designating party's objections.

## Order of Presentations at Trial

23.     **Opening Statements**: The trial presentations shall begin with opening statements by each party. Implicit shall present its opening statement. Next, Trend Micro will present its opening statement.

24.     **Evidence**: After opening statements, the parties shall present their evidence. Implicit shall go first on the issues of infringement and damages. Trend Micro shall next present its case on non-infringement, invalidity, and damages. Next, Implicit may rebut invalidity issues and any other issues raised by Trend Micro.

25.     **Closing Statements**: After Implicit presents its rebuttal case, the parties shall conclude with closing statements. Implicit shall present its closing statement on all issues. Next, Trend Micro will present its closing statement on all issues. Next, Implicit shall present its rebuttal closing statement.

## Other Stipulated Trial Procedures

26.     **Juror Notebooks**: The parties agree that, on the first day of trial, each member of the jury will be provided a notebook containing: (1) the Sample Patent associated with the introductory Federal Judicial Center video ("The Patent Process: An Overview for Jurors"), (2) the asserted patent, (3) a listing of each asserted claim and the Court's or parties' agreed claim constructions relevant thereto, dependent claims to be shown with the relevant limitations of the

11

independent claim incorporated, (4) a Glossary of technical and patent terms likely to be used during trial with definitions on which the parties agree, (5) a single page for each witness expected to be called at trial that includes a picture of that witness and space for the juror to take notes and (6) blank pages for additional notes. The parties agree that the jury will be permitted to bring this notebook and handwritten notes into the deliberation room.

## VI.   Contested Issues of Fact and Law

### A.    Statement of Contested Issues of Fact and Law

1.      Whether Trend Micro directly, or indirectly by way of inducement, infringes the asserted claims of the patents-in-suit.

2.      Whether the patents-in-suit are invalid by way of obviousness and/or improper inventorship.

3.      Whether Implicit is entitled to damages to compensate for Trend Micro's infringement, and, if so, the dollar amount of pre-verdict and post-verdict damages adequate to compensate for infringement of the patents-in-suit.

4.      Whether Implicit is entitled to prejudgment and post-judgment interest, and, if so, the dollar amount of prejudgment and post-judgment interest.

5.      Whether Implicit is entitled to an injunction to enjoin any further alleged infringement or a running royalty to compensate it for any continuing infringement.

6.      Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.

## VII.   List of Witnesses

1.      Implicit's Witness List is attached hereto as Exhibit A.

2.      Trend Micro's Witness List is attached hereto as Exhibit B.

12

3.      Implicit's Deposition Designations are attached hereto as Exhibit C.

4.      Trend Micro's Deposition Designations are attached hereto as Exhibit D.

**VIII.**   **List of Exhibits**

1.      Implicit's Trial Exhibit List is attached hereto as Exhibit E.

2.      Trend Micro's Trial Exhibit List is attached hereto as Exhibit F.

**IX.**   **List of Pending Motions**

There are no pending motions.

**X.**   **Probable Length of Trial**

The probable length of trial is one week or five business days.

**XI.**   **Management Conference Limitations**

None.

**XII.**   **Certifications**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.  Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2.  Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3.  Each exhibit in the List of Exhibits herein:

    a.  is in existence;

    b.  is numbered; and

    c.  has been disclosed and shown to opposing counsel.

## XIII.    Other Issues

The parties attach hereto their agreed-upon Verdict Form (Exhibit G) and Jury

Instructions (Exhibit H), subject to the Court's approval.

The parties currently anticipate they will need to present at trial certain highly

confidential and competitively-sensitive information, namely, source code and revenue data. The

parties inform the Court that, at the appropriate time, they may request for the courtroom to be

sealed during the presentation of this evidence, which may require the respective corporate

representatives to leave the courtroom. The parties also anticipate that certain highly

confidential and competitively information, namely, financial data, will be presented. The parties

respectfully inform the Court that, at the appropriate time, they may request the courtroom to be

sealed during presentation of this evidence.


Approved as to form and substance:

Dated: September 15, 2017                              Respectfully Submitted:

By: /s/ Melissa R. Smith                              By:  /s/ Benjamin L. Singer
Melissa R. Smith                                      William E. Davis, III
Texas Bar No. 24001351                                Texas State Bar No. 24047416
melissa@gillamsmithlaw.com                            **THE DAVIS FIRM P.C.**
**GILLAM & SMITH, LLP**                               213 N. Fredonia Street, Suite 230
303 South Washington Avenue                           Longview, Texas 75601
Marshall, Texas 75670                                 Telephone: (903) 230-9090
Telephone:  (903) 934-8450                            Facsimile: (903) 230-9661
Facsimile:  (903) 934-9257                            E-mail: bdavis@bdavisfirm.com

Michael E. Zeliger, *pro hac vice*                    Benjamin L. Singer, *pro hac vice*
California Bar No. 271118                              California State Bar No: 264295
michael.zeliger@klgates.com                           James Hopenfeld, *pro hac vice*
Audrey H. Lo, *pro hac vice*                          California State Bar No: 190268
California Bar No. 253738                              Adam S. Cashman, *pro hac vice*
audrey.lo@klgates.com                                 California State Bar No: 255063
Ranjini Acharya, *pro hac vice*                       Evan N. Budaj
California Bar No. 290877                              California State Bar No: 271213

14

ranjini.acharya@klgates.com
**K&L GATES LLP**
630 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 798-6700
Facsimile: (650) 798-6701

Benjamin E. Weed, *pro hac vice*
Illinois Bar No. 6294052
benjamin.weed@klgates.com
Gina A. Jenero, *pro hac vice*
Gina.jenero@klgates.com
**K&L GATES LLP**
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

*Counsel for Defendant*
*Trend Micro, Inc.*

Walter C. Pfeffer, *pro hac vice*
California State Bar No: 289421
**SINGER / BEA LLP**
601 Montgomery Street, Suite 1950
San Francisco, CA 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080
bsinger@singerbea.com
ebudaj@singerbea.com
jhopenfeld@singerbea.com
acashman@singerbea.com
wpfeffer@singerbea.com

*Counsel for Plaintiff*
*Implicit, LLC*

This Joint Pre-Trial Order is hereby approved this ___ day of November, 2017.

_____

United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(V).  Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 15th day of September 2017.

<u>/s/ Benjamin L. Singer</u>
Benjamin L. Singer