**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:16-CV-00080-JRG |
| TREND MICRO, INC., | § § § | |
| Defendant. | § § | |

## ORDER

The Court issues this Order *sua sponte*.

On October 29, 2017, in compliance with this Court's Standing Orders, the Parties submitted a Joint Motion to Stay and Notice of Settlement (Dkt. No. 257). In their Joint Motion, the Parties sought a stay of all deadlines for thirty days to "finalize" a settlement agreement and "file the appropriate dismissal papers." (*Id.*) The Court granted this motion and stayed the case. (Dkt. No. 257.)

On November 28, 2017, the Parties filed a Joint Stipulated Motion to Extend Temporary Stay (Dkt. No. 259). The Parties represented in this Joint Stipulated Motion that additional time, at least seven days, was necessary to incorporate revisions to the apparently not yet finalized settlement agreement. (*Id.*) The Court granted this extension, noting that "absent extraordinary circumstances the Parties should not expect any further extensions." (Dkt. No. 260.)

Despite such language, on December 8, 2017, the Parties returned to the Court seeking another extension of the temporary stay, this time for two additional days. (Dkt. No. 261.) The Parties represented that such an extension was necessary to permit additional revisions and discussions. (*Id.*) The Court granted this additional extension. (Dkt. No. 262.)

On December 13, 2017, after the extended deadline had already passed, the Parties filed a "Joint Notice to the Court Regarding Dismissal With Prejudice." (Dkt. No. 263.) Rather than seeking another extension, or some other appropriate form of relief, the Parties simply informed the Court that they planned to file dismissal papers by December 27, 2017.

This is not a practice the Court can ignore or condone. Given the pattern of conduct presented in this case, including a disregard for the Court's deadlines and the Parties' apparent attempt to unilaterally extend their own deadlines, (Dkt. No. 263), the Court believes it should take a different tact. Accordingly, it is **ORDERED** that the above captioned case should be and hereby is **DISMISSED WITH PREJUDICE**. *See, e.g., McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (district court possess inherent power to dismiss an action *sua sponte* for failure to prosecute or failure to comply with an order or rule of the court). The Parties may urge reconsideration of this Order within thirty days if either party fails to discharge its obligations under the agreed settlement. In the meantime, the Parties' dilatory practices come to an end.

**So ORDERED and SIGNED this 20th day of December, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE